UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                                           No. 13-CR-271 (LTS)

WESLEY FRAME,

           Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Wesley Frame's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). (Docket entry no. 1076, the "Motion.") On March 10, 2015, upon pleading guilty, Mr. Frame was convicted of one count of participating in a conspiracy to distribute and to possess with the intent to distribute heroin, in violation of 21 U.S.C. sections 841(b)(1)(C) and 846. (Docket entry no. 342.) On September 17, 2015, the Court sentenced him principally to a total of 132 months of imprisonment, to be followed by a five-year supervised release term. (Docket entry no. 453.) Mr. Frame is currently incarcerated at the Federal Correctional Facility Petersburg Medium ("FCI Petersburg," a medium security correctional facility in Virginia) and, according to the Bureau of Prisons ("BOP") website, is currently scheduled to be released from BOP custody on February 15, 2022. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited April 8, 2021).

Mr. Frame, who is 50 years old and who contracted the COVID-19 virus in September 2020, seeks immediate release from custody, arguing that his health conditions (including Type 2 diabetes, hypertension, a history of gunshot wounds, an unspecified kidney disorder, and a body mass index ("BMI") of approximately 35), considered in the context of the COVID-19 pandemic and its impact on FCI Petersburg, constitute "extraordinary and compelling

reasons" to reduce his sentence. (See Motion at 1-2, 19-23; see also docket entry no. 1001 ("Def. Ltr.") at 1-4; docket entry no. 1088 ("Reply") at 1.) On March 12, 2021, the Government filed its opposition to the Motion. (Docket entry no. 1087 ("Opp.").) On March 16, 2021, Mr. Frame submitted his reply. The Court has reviewed the parties' submissions carefully and, for the following reasons, Mr. Frame's Motion is denied.

### DISCUSSION

Mr. Frame seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-259).[1] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and

---

[1] Notwithstanding Mr. Frame's evidence that he submitted a request for compassionate release to the warden of his facility on or about September 30, 2020 (Motion Ex. A; Reply at 1), the Government disputes that Mr. Frame has satisfied section 3582(c)(1)(A)'s exhaustion requirement. (See Opp. at 5-7.) To the extent Mr. Frame has not satisfied that section's exhaustion requirement, however, the Court still reaches the merits of his application in the interest of judicial efficiency. See, e.g., United States v. Tayshawn Fields, No. 12-CR-111-17 (CS), 2021 WL 185414, at *1 (S.D.N.Y. Jan. 18, 2021) ("Even if I reached the merits, the application would be denied."); United States v. Dekattu, No. 18-CR-474 (ARR), 2020 WL 7711842, at *1 n.1 (E.D.N.Y. Dec. 29, 2020) ("Mr. Dekattu has not argued or provided any evidence that he has met the exhaustion requirement. However, given that his motion fails on the merits, I need not address this factor in my analysis.").

compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Court's consideration of the section 3553(a) factors[2] at the time of Mr. Frame's sentencing hearing, on September 17, 2015, is reflected in the transcript of that hearing.[3] As to the nature and circumstances of the offense, the Court noted that Mr. Frame participated in "a large drug conspiracy dealing with mid level wholesale distribution quantities of bricks of heroin" and was "accountable in this case for the distribution of between one and three kilograms of heroin." (Sentc. Tr. at 29.) That conspiracy was related to "one of the most dangerous gangs in Paterson," New Jersey, and "[pulled] down his community and endangering lives, endangering other young people who were at risk of drug addiction and going into a criminal lifestyle." (Id.) Mr. Frame had no fewer than six prior convictions, four of which involved the

---

[2] The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C.A. § 3553(a) (Westlaw through P.L. 116-259).

[3] The transcript of Mr. Frame's sentencing hearing ("Sentc. Tr.") is filed under seal.

distribution or possession of a controlled substance, and the most recent of which involved not only controlled substances but also body armor piercing bullets.  (Id. at 31-32.)  However, the Court also considered "the root conditions from which Mr. Frame's history of criminal conduct arose, his sincere acceptance of responsibility, his genuine desire to seek out, receive and act on help, and his demonstration of remorse, his pledge to change his life for the better and the concrete steps" he had already taken toward that goal, "his advancing age and increasing family needs," and the "identification of specific types of needed correctional treatment [ ] some of which can most effectively be administered in noncustodial" settings.  (Id. at 30-34.)  Having considered those factors, as well as others stated on the record, the Court concluded that a moderate variance downward from the otherwise-applicable sentencing guideline range (of 151 to 188 months of imprisonment) was appropriate, and sentenced Mr. Frame to 132 months of imprisonment to be followed by a five-year term of supervised release.  (Id. at 29, 34.)

In the approximately five-and-one-half years since Mr. Frame's sentencing, Mr. Frame has begun, but not completed, the BOP's Residential Drug Abuse Program ("RDAP"); according to Mr. Frame, he was on track to complete that program by April 2021 (which might have allowed his release from FCI Petersburg as early as July 2021), but the program was suspended in light of the COVID-19 pandemic.  (Motion at 2, 21-23.)  Also, over the last several years, Mr. Frame has had a few disciplinary incidents, including one for possession of drugs or alcohol in 2019 and another for fighting in 2017.[4]  Moreover, while Mr. Frame is now almost 51 years old—an age at which, as counsel for Mr. Frame argues, defendants are relatively less likely to reoffend (id. at 21-22)—the Court explicitly considered the issue of Mr. Frame's anticipated

---

[4] The Government submitted Mr. Frame's disciplinary history, along with his medical records, directly to chambers by email on January 28, 2021, with copies filed under seal.

age upon release during his sentencing hearing in 2015.[5]  Nonetheless, the Court considers each of these developments in weighing the applicable section 3553(a) factors in the context of this compassionate release application.

With these facts and the section 3553(a) factors in mind, the Court next considers whether Mr. Frame's proffered extraordinary and compelling reasons—his health conditions in the context of the COVID-19 pandemic and his custody at FCI Petersburg—warrant a reduction in Mr. Frame's sentence.  18 U.S.C.A. § 3582(c)(1)(A).

Mr. Frame identifies several health conditions that place him at an increased risk for severe illness from COVID-19.  Among those conditions are Type 2 diabetes, hypertension, and a BMI of approximately 35 (Motion at 19-20; Opp. at 3, 8), each of which may place Mr. Frame at such an increased risk.  CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 8, 2021).  At 50 years old, Mr. Frame is in an age group which faces neither the lowest risk nor the greatest risk of severe illness from COVID-19 infection.  See, e.g., United States v. Pina, No. 01-CR-619 (VM), 2021 WL 364192, at *2 (S.D.N.Y. Feb. 3, 2021) ("Furthermore, at fifty-one years old, Piña is not in the 'greatest risk' age group category.") (citing CDC guidance).  Moreover, Mr. Frame contracted and recovered from COVID-19 seven months ago, in September 2020, suggesting that he may retain some level of immunity from COVID-19 reinfection.  See, e.g., National Institutes of Health, Lasting immunity found after recovery from COVID-19, https://www.nih.gov/news-events/nih-research-

---

[5]     See Sentc. Tr. at 32 ("As defense counsel has noted, generally as defendants age it becomes less likely that they will recidivate and more likely that they will age out of the[ir] criminal behavior.  Weighing heavily against this general trend in this case however is the fact that Mr. Frame continued into his 40s to engage in drug selling that was related to violent activity.").

matters/lasting-immunity-found-after-recovery-covid-19 (last visited April 8, 2021) (describing one study revealing that "[t]he immune systems of more than 95% of people who recovered from COVID-19 had durable memories of the virus up to eight months after infection").  See also United States v. Pena, No. 18-CR-640 (RA), 2021 WL 396420, at *2 (S.D.N.Y. Feb. 4, 2021) ("Although the medical community's understanding of the virus continues to evolve, a number of courts have found that 'a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release'") (quoting United States v. Delorbe-Luna, No. 18-CR-384 (VEC), 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020)).  Moreover, the BOP's vaccination efforts at FCI Petersburg are well underway, with 353 staff and 746 inmates at Petersburg Federal Correctional Complex (encompassing both FCI Petersburg and another FCI, Petersburg Low) fully vaccinated, while only nine inmates and fourteen staff at FCI Petersburg are currently reported as being positive for the virus.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited April 8, 2021).

    While the Court recognizes that "[t]he BOP's mitigation measures do not, and cannot, eliminate completely the risk of COVID-19," United States v. Ortega, No. 02-CR-348 (LTS), 2020 WL 3402914, at *3 (S.D.N.Y. June 19, 2020), the Court concludes—in light of Mr. Frame's previous contraction of and recovery from COVID-19, the vaccination efforts underway at FCI Petersburg, and the relatively low numbers of active cases at that facility—that Mr. Frame's risk of reinfection is comparatively small.  See United States v. Davis, No. 1:14-CR-296 (PAC), 2021 WL 1016115, at *2 (S.D.N.Y. Mar. 17, 2021) ("Davis' risk of reinfection is very small to begin with . . . These vaccinations reduce Davis' risk of reinfection even further."); United States v. Ricketts, No. 3:16-CR-98 (JBA), 2021 WL 917068, at *1 (D. Conn. Mar. 10, 2021) ("[W]ith fellow inmates now being vaccinated, [Mr. Ricketts's] risk of reinfection is

diminishing."). Against the backdrop of the Court's consideration of the applicable section 3553(a) factors in this case, that risk does not constitute an extraordinary and compelling reason warranting a reduction in his sentence. Nor, without more, does the pandemic's interruption of his participation in the BOP's RDAP program, which may again become available. See United States v. Randolph, No. 14-CR-476-13 (CS), 2020 WL 7647197, at *2 n.5 (S.D.N.Y. Dec. 23, 2020) ("RDAP has been temporarily suspended. That is another unfortunate result of the pandemic. But there is every reason to believe that RDAP can resume during the coming year, and if Defendant completes it – which at this point is speculative – he can obtain a sentencing benefit.").

Having considered the applicable section 3553(a) factors, Mr. Frame's health conditions, and the circumstances at FCI Petersburg, the Court concludes that the sentence imposed on Mr. Frame remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Frame's sentence.

CONCLUSION

For the reasons set forth above, Mr. Frame's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Frame.

Docket entry no. 1076 is resolved.

SO ORDERED.

Dated: New York, New York
      April 8, 2021

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      United States District Judge

**Copy mailed to:**

Wesley Frame
Reg. No. 68608-054
FCI Petersburg Medium
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804